FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 30 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

Civ. No. 06-301 JC/RLP
Cr. No. 99-777 JC

JUAN MANUEL CARBAJAL-MORENO

Defendant/Movant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.  This is a proceeding brought pursuant to 28 U.S.C. § 2255. Defendant is currently incarcerated at the Federal Correctional Institution at Texarkana, Texas.

> In February 2001, an eight count superseding indictment was returned against [Defendant] and five co-defendants. [Defendant] was charged with engaging in a [continuing criminal enterprise] CCE, in violation of 21 U.S.C. § 848(a) & (c) (Count I); conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (Count 2); and six counts of possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) (Counts 3-8). A jury found [Defendant] guilty of all eight counts. The district court sentenced him to 262 months on each count, all to run concurrently.

*United Stats v. Carbajal-Moreno*, 87 Fed.Appx. 700, *702 (10th Cir. 2004) (unpublished decision).

2.  Defendant filed a direct appeal, *see id.*, and the Tenth Circuit Court of Appeals held that (1) double jeopardy barred his convictions of both CCE and the lesser

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

included offense of conspiracy to possess marijuana with intent to distribute; (2) that the CCE conviction was affirmed because it did not require proof that Defendant supervised five or more individuals for each predicate violation; and (3) the evidence was sufficient to establish that Defendant supervised five or more individuals in the drug operation and therefore establish the CCE conviction. *Id.*

3. The Amended Judgment was entered on August 4, 2004 [Cr. Doc. 456]. Entry of the Amended Judgment started the one-year limitation period contained in § 2255. Prior to that date, on April 14, 2004 Defendant filed a Motion for a New Trial [Cr. Doc. 433], which was denied by the district court on July 28, 2004 [Cr. Doc. 453]. Defendant then filed an appeal on denial of his motion for a new trial. Defendant's trial had taken place on May 8-22, 2001; thus, his Motion for a New Trial was filed almost three years after his trial.

4. The ground for the new trial and the appeal was that "sometime after his convictions were entered, [Defendant] discovered that his trial attorney surrendered his Bar license prior to trial. *United States v. Carbajal-Moreno*, 136 Fed.Appx. 163, 164 (10th Cir. 2005) (unpublished opinion). As did the district court, the circuit court found that the motion for a new trial was in reality a claim for ineffective assistance of counsel, which must be brought in collateral proceedings. *Id.* The date of the opinion is June 20, 2005; almost one year later, on June 9, 2006, Defendant filed his § 2255 motion.

5. The issue is whether Defendant's Motion for a New Trial and subsequent appeal toll the one-year limitation period in § 2255. In an unpublished decision, the Tenth Circuit held that "a pending motion for a new trial under Fed.R.Crim.P. 33 generally does not toll the statute of limitations." *United States v. Pedraza*, 65 Fed.Appx. 702, \*\*2 (10th Cir. 2003) (unpublished opinion). The *Pedraza* court cited to *Trenkler v. United States*, 268

F.3d 16 (1st Cir. 2001) for this proposition. That case held that a Rule 33 motion for a new trial is not part of the direct appeal from a judgment, and therefore the one year limitation period starts to run when the judgment is final. 268 F.3d at 22.

6.  In a case directly on point with the instant case, the defendant filed a Rule 33 motion while his direct appeal was pending. *Barnes v. United States*, 437 F.3d 1074 (11th Cir. 2006). The court found that this circumstance did not serve to toll § 2255 and also noted that § 2255 does not contain the same tolling provisions as those in § 2244(d)(1) for state petitioners. *Id.* at 1078.

7.  The Amended Judgment in this case was entered on August 4, 2004. The Defendant is granted an additional 90 days from that date in which to file a petition for writ of certiorari. *See United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000), which means the limitation period began to run on November 4, 2004. One year from that time is November 4, 2005. The § 2255 Motion in this case was not filed until June 9, 2006, well after the one year limitation period. Thus, Defendant's § 2255 Motion is time-barred.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence be denied, and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

3